IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HEIDI ARLENE MICKELSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. CIV-24-25-GLJ |
| | ) | |
| **MARTIN O'MALLEY,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Claimant Heidi Arlene Mickelson was the prevailing party in this action under the Social Security Act. Claimant originally sought an award of attorney's fees in the amount of $6,100.50 for 24.90 hours of attorney work, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Docket No. 18 & Ex. 1]. The Commissioner has since filed a Stipulated Motion for Attorney Fees under the Equal Access to Justice Act [Docket No. 19] which indicates the parties have now agreed to an award of fees in the amount of $5,500.00 [Docket No. 19], a reduction of $600.50.

Upon review of the record herein, the Court finds that the agreed amount is reasonable, and that the Commissioner should be ordered to pay it to Claimant as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also*

*Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Stipulated Motion for Attorney Fees Under the Equal Access to Justice Act [19] is hereby GRANTED, and Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act [Docket No. 18] is hereby denied as MOOT in light of stipulated motion. The Government is hereby ordered to pay the agreed-upon $5,500.00 fee award to Claimant as the prevailing party herein. IT IS FURTHER ORDERED that if Claimant's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Claimant pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 22nd day of July, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**